Stephan Lajuan BEASLEY, Sr., Petitioner–Appellant,

v.

James DUKES, Warden, Respondent–Appellee.

No. 03–5670.

United States Court of Appeals, Sixth Circuit.

Jan. 12, 2004.

Stephan Lajuan Beasley, Sr., pro se, Pikeville, TN, for Petitioner–Appellant.

*ORDER*

Stephan Lejuan Beasley, a pro se Tennessee prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The filing of the notice of appeal has been construed as an application for a certificate of appealability. *Cf.* Fed. R.App. P. 22(b). In addition, Beasley moves for the appointment of counsel and for an evidentiary hearing.

A Tennessee jury convicted Beasley on October 21, 1994, of the first degree murder of his ex-girlfriend. He was sentenced to life in prison without the possibility of parole. The Tennessee Court of Criminal Appeals affirmed Beasley's conviction and sentence in an unpublished order, *see State v. Beasley,* No. 03C01–9509–CR–00268, 1996 WL 591203, (Tenn.Crim.App. Oct. 10, 1996), and the Tennessee Supreme Court denied leave to appeal. Beasley next filed a petition for post-conviction relief (PCR), raising issues of ineffective assistance of counsel and denial of his right to testify. The state trial court held an evidentiary hearing and subsequently denied the petition. This decision was affirmed on appeal, *see Beasley v. State,* No. E2000–01336–CCA–R3–PC, 2001 WL 387385 (Tenn.Crim.App. Apr. 17, 2001), and the Tennessee Supreme Court again denied leave to appeal.

Beasley enumerated no specific grounds for relief in his § 2254 petition, but did list eight issues in his memorandum in support. Because he was proceeding pro se, the district court interpreted his petition as raising the issues properly exhausted in the state courts. The district court further stated that any claim which Beasley attempted to raise in which he failed to exhaust state court remedies would be dismissed as procedurally defaulted.

Accordingly, the district court addressed six grounds for relief in its memorandum entered on March 28, 2003: four that Beasley had presented on direct appeal, and two that he had presented in his state PCR proceeding. After analyzing the issues, the district court found that Beasley's issue regarding the admission of a photograph had been presented to the state courts as an issue of state law only and was thus procedurally defaulted for federal habeas review. The district court then found that the state courts' determination of the remaining grounds for relief was neither contrary to nor an unreasonable application of federal constitutional law as set forth by the Supreme Court The district court therefore dismissed Beasley's § 2254 petition in its entirety. A separate judgment was entered the same day.

An individual seeking a certificate of appealability is required to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *cf. Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). The Supreme Court recently held that "[a] petitioner satisfies this standard by dem-

onstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

In addition, before a court may issue a certificate of appealability in a case where the § 2254 petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Upon consideration, the court concludes that Beasley has not met this standard as to any of his grounds for relief. Accordingly, Beasley's application for a certificate of appealability is denied. His motions for the appointment of counsel and for an evidentiary hearing are denied as moot.